**MCDERMOTT WILL & EMERY LLP**
Julian L. André (SBN 251120)
jandre@mwe.com
Tala T. Jayadevan (SBN 288121)
tjayadevan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 551-9335
Facsimile: (310) 277-4730

Sam C. Neel (*pro hac vice*)
sneel@mwe.com
Sarah P. Hogarth (*pro hac vice*)
shogarth@mwe.com
500 North Capitol Street NW
Washington, DC  20001
Telephone:   (202) 756-8000
Facsimile:   (202) 756-8087

*Attorneys for Plaintiff*
*AirBoss Defense Group, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRBOSS DEFENSE GROUP, LLC, | Case No. 2:22-cv-06727-FMO-PD |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER[1] |
| SMART GLOVE HOLDINGS SDN BHD *et al.*, | |
| Defendant. | |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Patricia Donahue's Procedures.

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve sensitive business information, including trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices and operations, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is

2

justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.

3

See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.    DEFINITIONS

4.1.    Action: This pending federal lawsuit, AirBoss Defense Group, LLC v. Smart Glove Holdings Sdn Bhd et al., No. 2:22-cv-06727-FMO-PD (C.D. Cal.).

4.2.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  (Hereinafter "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

4.5.    Counsel: Outside Counsel of Record and House Counsel (as well as their respective support staff), including foreign (non U.S.) counsel.

4

4.6.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL " or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

4.7.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.8.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who: (i) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action; (ii) is not a past or current employee of a Party or of a Party's competitor; and (iii) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

4.9.    House Counsel: attorneys, including foreign (non U.S.) licensed attorneys, who are employees, officers, or directors of a party to this Action or the party's parent company. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.11.   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

4.12.   Other Outside Counsel: other attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action, who have not appeared in this Action on behalf of a party, but who execute Exhibit A to this Protective Order, and agree to be bound by its terms.

4.13.   Party: any party to this Action, including its parent company, all of its

officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

4.14. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.15. <u>Professional Vendors</u>: persons or entities that provide litigation support services, including court reporters (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.16. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.17. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.

6.      <u>DURATION</u>

"FINAL DISPOSITION" of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.  The parties stipulate that they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, unless determined otherwise by the Court, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

7.    DESIGNATING PROTECTED MATERIAL

7.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend," respectively), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days following receipt of the deposition transcript for review and signature to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.".

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals or individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1.     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2.     Meet-and-Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

8.3.     Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9.     ACCESS TO AND USE OF PROTECTED MATERIAL

9.1.     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

1  Protected Material must be stored and maintained by a Receiving Party at a
2  location and in a secure manner that ensures that access is limited to the persons
3  authorized under this Order.

4  9.2.  Disclosure of "CONFIDENTIAL" Information or Items. Unless
5  otherwise ordered by the court or permitted in writing by the Designating Party, a
6  Receiving Party may disclose any information or item designated
7  "CONFIDENTIAL" only to:

8  (a)  the Receiving Party's Outside Counsel of Record in this
9  Action, as well as employees of said Outside Counsel of Record to whom it is
10  reasonably necessary to disclose the information for this Action;

11  (b)  the officers, directors, and employees (including House Counsel)
12  of the Receiving Party to whom disclosure is reasonably necessary for this Action;

13  (c)  Experts (as defined in this Order) of the Receiving Party to whom
14  disclosure is reasonably necessary for this Action and who have signed the
15  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16  (d)  the court and its personnel;

17  (e)  court reporters and their staff;

18  (f)  professional jury or trial consultants, and Professional Vendors
19  to whom disclosure is reasonably necessary for this Action and who have signed the
20  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21  (g)  the author or recipient of a document containing the information
22  or a custodian or other person who otherwise possessed or knew the information;

23  (h)  during their depositions, witnesses, and attorneys for witnesses,
24  in the Action to whom disclosure is reasonably necessary provided the deposing
25  party requests that the witness sign the "Acknowledgment and Agreement to Be
26  Bound" (Exhibit A) attached hereto. Witnesses shall not retain a copy of documents
27  containing Confidential Information. Pages of transcribed deposition testimony or
28  exhibits to depositions that reveal Confidential Information may be separately bound

11

by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) Other Outside Counsel who have signed Exhibit A to this Protective Order and have agreed to be bound by Exhibit A.

9.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff;

(e)     professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     during their depositions, witnesses, and attorneys for witnesses, in the Action if the witness authored or received the Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," was involved in the creation of the document or item in which the Protected Material designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is contained, is employed by the Designating Party who produced the Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or if the Designating Party consents to such disclosure.  If the witness is a Non-Party, also provided the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) attached hereto. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may  be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions

(i) Other Outside Counsel who have signed Exhibit A to this Protective Order and have agreed to be bound by Exhibit A.

10.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served

13

with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information and/or Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information and/or Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information and/or Protected Material, or has good cause to believe the requested information contains the Non-Party's sensitive business information pursuant to Paragraph 2 herein, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party; and

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

14

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party or a Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, subject to the terms of this Protective Order. If the Non-Party or a Party timely seeks a protective order, the Non-Party and/or Receiving Party shall not produce any information in its possession or control before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production by a Party of documents or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection. The parties expressly waive the applicability of the showings required by Fed. Rule of Civ. P. 502(b)(1)-(3), and any privilege or protection that would otherwise have applied will continue to apply irrespective of the factors set forth in such provisions.

In the event of an inadvertent production, the recipient must return the documents or destroy such documents as required hereunder when the inadvertent production is discovered, or upon receipt of notice that the privileged or protected documents were inadvertently produced.   The Receiving Party may thereafter challenge the designation of privilege or protection, provided, however, that such challenges shall not be based upon or made with reference to the fact of the inadvertent production, and instead will be based only upon such grounds as may have existed absent the existence of any inadvertent disclosure or claimed inadvertent disclosure.  To the extent there is a challenge to the designation of privilege or protection, the burden is on the designating party to support the designation.

14.    MISCELLANEOUS

14.1.  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2.  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court or provided by the Local Rules.

15.    FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 6 above, within 60 days of a written request by the Designating Party, each Receiving Party must

16

return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

16.   PERSONS BOUND

This Order shall take effect when entered and shall be binding upon all Counsel, Outside Counsel, the Parties, and persons made subject to this Order by its terms.

17.   VIOLATIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1

2    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

3

4    DATED:  February 8, 2023

5    **MCDERMOTT WILL & EMERY LLP**

6    <u>/s/ Julian L. André</u>

7    Attorneys for Plaintiff

     JULIAN L. ANDRÉ
8    SAM C. NEEL
     SARAH P. HOGARTH
9    TALA JAYADEVAN

10   *Attorneys for Plaintiff*
     *AirBoss Defense Group, LLC*

11

12

13   DATED: February 9, 2023

14   **BAKER MCKENZIE LLP**

15   <u>/s/ Christine Streatfeild (via email authorization)</u>

16   Attorneys for Defendant

     JAMES J. WARD
17   CHRISTINE M. STREATFIELD
     SHIMA S. ROY
18
     *Attorneys for Smart Glove Defendants*
19

20

21   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

22

23   DATED: February 13, 2023

24

25   _Patricia Donahue_

26   The Honorable Patricia Donahue
     UNITED STATES MAGISTRATE JUDGE
27

28

18

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury
that I have read in its entirety and understand the Stipulated Protective Order that
was issued by the United States District Court for the Central District of
California on [date] in the case of <u>AirBoss Defense Group, LLC v. Smart Glove
Holdings Sdn Bhd et al.</u>, Case No. 2:22-cv-06727-FMO-PD. I agree to comply
with and to be bound by all the terms of this Stipulated Protective Order and I
understand and acknowledge that failure to so comply could expose me to
sanctions and punishment in the nature of contempt. I solemnly promise that I
will not disclose in any manner any information or item that is subject to this
Stipulated Protective Order to any person or entity except in strict compliance
with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District
Court for the Central District of California for the purpose of enforcing the terms
of this Stipulated Protective Order, even if such enforcement proceedings occur
after termination of this action. I hereby appoint _____
[print or type full name] of _____ [print or type full address and telephone
number] as my California agent for service of process in connection with this
action or any proceedings related to enforcement of this Stipulated Protective
Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____