UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6727 FMO (PDx) | Date | May 16, 2023 |
|---|---|---|---|
| Title | AirBoss Defense Group, LLC v. Smart Gloves Holdings SDN BHD, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order Re: Pending Motions

Having reviewed and considered all the briefing filed with respect to Smart Glove Holdings SDN BHD, et al.'s ("defendants") Motion to Dismiss Plaintiff's Amended Complaint [ ] (Dkt. 28, "Motion") and Motion to Stay Discovery (Dkt. 45, "Discovery Motion"), the court finds that oral argument is not necessary to resolve the motions, see Fed. R. Civ. P. 78(b); Local Rule 7-15; see Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

A court may permit discovery to aid in determining whether it has personal jurisdiction. Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977). Discovery is appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. See id.

Plaintiff alleges that the court has personal jurisdiction "over Defendants because they conduct business in California, have purposefully directed their activities toward California by exporting the subject product knowing that the ports of destination were in California (specifically Los Angeles and Long Beach), and have caused injury to ADG in California because the gloves have been detained at the Ports of Los Angeles or Long Beach under the control of the associated Port Commissioner." (Dkt. 18, First Amended Complaint ("FAC") at ¶ 19). Plaintiff also attached documentation regarding defendants' conduct to its Opposition to Plaintiff AirBoss Defense Group, LLC's Opposition to Motion to Dismiss (Dkt. 35, at Exhs. A-G, "Opposition").

Although the court is skeptical of defendant's contentions that whether defendants acted as the carrier or merely the seller of the goods at issue, and whether defendants or plaintiff selected California as the port of destination, are dispositive of the court's personal jurisdiction inquiry, (see Dkt. 28, Motion at 7-11); (Dkt. 38, Reply in Support of Motion [] ("Reply") at 1-4), the court nevertheless concludes that more fulsome information regarding defendants' conduct will aid the court in determining whether it has jurisdiction to hear this case. In particular, the court believes that additional information regarding the corporate structure and relationships among the named defendants will aid it in determining whether there is a basis for personal jurisdiction over each defendant. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir. 2003) ("Personal jurisdiction over each defendant must be analyzed separately.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6727 FMO (PDx) | Date | May 16, 2023 |
|---|---|---|---|
| Title | AirBoss Defense Group, LLC v. Smart Gloves Holdings SDN BHD, et al. | | |

Further, the court believes that additional discovery regarding the extent of defendants' knowledge of and control over the shipment at issue will aid it in determining whether defendants "purposefully directed [their] activities toward California." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

The parties shall proceed with their current discovery schedule, including discovery on the above jurisdictional issues. After the parties have had the benefit of additional time, defendants may re-file their motion to dismiss by the date specified below. The deadlines in this Order reflect the court's understanding that discovery, including discovery that may bear on jurisdictional questions, has been ongoing since defendants' Motion was filed. (See, e.g., Dkt. 36, Scheduling and Case Management Order at 2) ("[D]iscovery shall not be stayed while any motion is pending, including any motion to dismiss[.]") (emphasis omitted).

The court cautions the parties that it will not tolerate gamesmanship or dilatory discovery tactics. See Fed. R. Civ. P. 37; Local Rule 37-4 ("[F]ailure of any counsel to comply with or cooperate in the foregoing [discovery] procedures may result in the imposition of sanctions."). As with all cases, the court expects the parties to cooperate and to comply with the court's scheduling orders.

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion **(Document No. 28)** is **denied without prejudice.**
2. Defendant's Motion to Stay **(Document No. 45)** is **denied.**
3. Defendants may file a renewed motion to dismiss or answer no later than **July 15, 2023**.
4. Defendants Ex Parte Application **(Document No. 55)** is **denied** as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | gga |